UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE CLOSSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:08-cv-01031 (VLB) |
| BOARD OF SELECTMEN, TOWN | : | |
| OF WINCHESTER, et al., | : | |
|     Defendants. | : | June 1, 2009 |

MEMORANDUM OF DECISION GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS [Doc. #30]

Before the Court is the motion to dismiss filed by the defendants, the Board of Selectmen of the Town of Winchester, five of its selectmen (collectively, "the Board") and a current member of the Winchester planning and zoning commission. The plaintiff, George Closson, the former chairman of the Winchester planning and zoning commission, brought this case in Connecticut Superior Court alleging violations of his constitutional due process rights as secured by 42 U.S.C. § 1983, as well as various state causes of action. The defendants removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on July 9, 2008. On October 15, 2008, the defendants moved to dismiss Closson's § 1983 claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons hereinafter set forth, their motion is GRANTED.

1

Facts

The following facts are alleged in Closson's Third Amended Complaint.
[Doc. #26]. On October 15, 1997, Closson was appointed to the Winchester
planning and zoning commission. On December 8, 2005, Closson was elected by
the other members of that commission to serve as chairman and was reelected in
2006 and 2007. On October 15, 2007, the Board reappointed Closson to the
planning and zoning commission for a five year term. On April 27, 2008, the Board
sent Closson a letter informing him that it would seek Closson's removal for
cause for various alleged failures to amend the plan of conservation and
development. On May 7, 2008, the Board held a hearing on Closson's removal.
Closson presented evidence in his defense and argued that his performance had
been satisfactory. On May 22, 2008, at a regular meeting of the Board, the
defendant members of the Board voted to remove Closson from office. On May
30, 2008, Closson brought the instant suit in the Connecticut Superior Court for
the Judicial District of Litchfield whereupon the defendants removed the action to
this court and moved to dismiss the first count of Closson's Third Amended
Complaint. [Doc. #26]

Standard

The Federal Rules of Civil Procedure require that a pleading contain "a
short and plain statement of the claim showing that the pleader is entitled to
relief."  Fed. R. Civ. P. 8(a)(2).   The court "accept[s] as true all factual statements
alleged in the complaint and draw[s] all reasonable inferences in favor of the

2

non-moving party. . . .   In general, [the court's] review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court must determine whether the complaint states enough facts, as opposed to legal conclusions, to "nudge[] . . . claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. ___ at *14 (2009).

Discussion

The defendants argue two points: (1) because Closson's position as the appointed chairman of the planning and zoning commission was on a volunteer, unpaid basis, Closson had no property interest in his position, and (2) Closson received due process in his termination.

"To determine whether a plaintiff was deprived of property without due process of law in violation of the Fourteenth Amendment, we must first identify the property interest involved. Next, we must determine whether the plaintiff received constitutionally adequate process in the course of the deprivation." O'Connor v. Pierson, 426 F.3d 187, 196 (2d Cir. 2005). Identifying a property interest also involves two steps. First, the Court must "determine whether some source of law other than the Constitution, such as a state or federal statute,

3

confers a property right on the plaintiff." Id. Next, the Court must determine whether that property right "constitutes a property interest for purposes of the Fourteenth Amendment." Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005). The position as chairman of the planning and zoning commission would seem to easily fulfill that first prong. In Bartlett v. Krause, 209 Conn. 352, 551 A.2d 710 (1988) the Connecticut Supreme Court found that an appointed fire marshal, who received around $70 a month in compensation, and who could only be removed for cause, had a property interest in her continued employment as a fire marshal under Connecticut law. § 1601 of the Winchester Town Charter, which concerns the removal of members of town boards, provides for written notice of the grounds for removal of any appointed board member and a hearing within 5 to 20 days thereafter. Therefore, Closson could not be removed from his position as chairman except for cause. As the Connecticut Supreme Court noted in Bartlett that its decision was not based on "[t]he mere circumstance that it carries a small stipend . . . [but the] absolute deprivation of a property interest that can be terminated only for 'just cause' under the statute," it seems unlikely that Closson's position as an unpaid, rather than minimally-paid, appointee would change the Connecticut Supreme Court's determination that such positions are property under Connecticut law.

In the second step of the property interest determination set out in Town of Castle Rock, the Court must determine whether the state law interest rises to the level of a federal constitutional concern. "Although the underlying substantive

4

interest is created by an independent source such as state law, federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978) (internal quotations omitted). While the Connecticut Supreme Court indicated in Bartlett that the deprivation was of federal constitutional rights as well as those endowed by the state statute, the Second Circuit has more recently indicated that members of municipal boards do not enjoy federal constitutional protections of their positions. In Velez v. Levy, the elected member of a community school board, who served for a fixed term and could only be removed for cause, was found to lack a property interest in her board position. The Second Circuit noted the number of federal decisions holding that "public offices are mere agencies or trusts, and not property as such . . ." Taylor and Marshall v. Beckham, 178 U.S. 548, 577 (1900). While Closson alleges in his complaint that the members of the planning and zoning commission are "citizen volunteers who, without professional assistance, do not have sufficient time or expertise to amend the plan of conservation and development. . ." [Doc. #26 at ¶ 13(d)] he would distinguish this case from Velez on the grounds that his position was appointed, not elected, and relies on a number of Connecticut cases establishing property interests in appointed positions such as chief of police. See, e.g., Anziano v. Board of Police Commissioners, 229 Conn. 703, 643 A.2d 865 (1994). However, the Supreme Court made it clear in Town of Castle Rock, 545 U.S. at 756, that while state law

5

provides a source for property rights, the federal courts must determine whether those rights are protected by the federal constitution as an independent inquiry. Closson argues no basis for the Court to determine that his position as an appointed member of a municipal board, rather than an elected member, was less one of public trust than of private concern. As he was uncompensated, the only incidents of his position were those which belong to the public. "Thus far, the course of the law in this Circuit has not moved beyond according procedural due process protection to interests other than those well within the contexts illustrated by <u>Goldberg</u> and <u>Roth</u>." <u>S & D Maintenance Co., Inc. v. Goldin,</u> 844 F.2d 962, 967 (2d Cir. 1988) (protection for welfare benefits and tenure, respectively). Therefore the Court concludes that there is no federal due process protection for an unpaid, volunteer position on a municipal board, whether elected or appointed. As the Court concludes that Closson lacks a protectable property interest, it does not reach the question of whether the procedure employed to remove Closson from office was adequate.

The defendants' motion to dismiss [Doc. #30] is GRANTED as to Closson's § 1983 claim. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Closson's state claims and REMANDS them to the Connecticut Superior Court for the Judicial District of Litchfield. The Clerk is directed to CLOSE this case.

**IT IS SO ORDERED.**

_____**/s/**_____
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut:  June 1, 2009.**